# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JAMIE L. BROCK RUSSELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:12-CV-00115 |
| | ) |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is Plaintiff Jamie L. Brock Russell's ("Russell") Motion to Alter or Amend Judgment Under Trial Rule 59(e) (Docket # 31) asking that the Court reconsider its Opinion and Order dated June 27, 2013 (the "Order") (Docket # 29), affirming the Commissioner of Social Security's denial of disability benefits. For the following reasons, Russell's motion will be DENIED.

### *A. Applicable Legal Standard*

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a previous judgment. But relief under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case . . . ." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *see Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that the problems a motion to reconsider is designed to remedy "rarely arise and the motion to reconsider should be equally rare" (citation omitted)). "[T]o prevail on a Rule 59(e) motion to amend judgment, a

---

[1] Although Plaintiff brought this suit against Michael J. Astrue, the former Commissioner of Social Security, Carolyn W. Colvin became the Acting Commissioner on February 14, 2013. As such, under Federal Rule of Civil Procedure 25(d), Colvin is automatically substituted as a party in place of Astrue. Fed. R. Civ. P. 25(d).

party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013) (citation omitted).

Indeed, Rule 59(e) is not "a vehicle for recycling arguments that the Court has previously rejected." *Keiber v. Astrue*, No. 08 cv 2616, 2010 WL 3001958, at *1 (N.D. Ill. July 29, 2010) (citing *Otto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). That is, a motion to alter or amend judgment is not meant to "provide a vehicle for a party to undo its own procedural failures, and certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Hutcherson v. Krispy Kreme Doughnut Corp.*, 803 F. Supp. 2d 952, 956 (S.D. Ind. Mar. 22, 2011) (quoting *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010)). "In other words, a Rule 59(e) motion does not give parties a 'second chance' to prevail on the merits." *Id*. (quoting *Fannon v. Guidant Corp.*, 583 F.3d 995, 1002 (7th Cir. 2009)). Whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

## *B. Discussion*

Here, Russell contends that the Court should alter or amend judgment because of three purported "manifest legal errors" in the Order. (Docket # 32.) The Court will discuss each of these in turn; ultimately, however, none of Russell's arguments are convincing.

First, Russell merely rehashes her previous argument that the ALJ improperly discounted the opinion of her treating psychiatrist, Dr. Marshall, by finding that it was internally inconsistent. (*Compare* Mem. in Supp. 1-2, *with* Opening Br. of Pl. 14-16.) In doing so, Russell

again attempts to distinguish between Dr. Marshall's ratings on his October 19, 2009, affective disorders questionnaire reflecting "marked" difficulties in maintaining social functioning and concentration, persistence, or pace; and his ratings on the mental residual capacity assessment questionnaire indicating just "slight" or "moderate" limitations in these areas. Russell claims that "[t]here is no inconsistency in Dr. Marshall's opinions because they are based on different standards" in that the first set of ratings pertain to the listings and the other set to the RFC.

But the Court finds no "manifest error of law or fact" in its prior reasoning. *Cincinnati Life Ins. Co.,* 722 F.3d at 955. Regardless of how the Social Security regulations define these ratings for purposes of the listings, only *one* definition of the ratings of "moderate" and "marked" was set forth in the documents completed by Dr. Marshall on October 19, 2009. (*See* Tr. 967-69.) Therefore, there is *no* basis upon which to infer that Dr. Marshall was somehow applying two different definitions of "moderate" and "marked" when completing the assessment and questionnaire. "The ALJ was entitled to make reasonable inferences from the evidence before him, and th[e] inference [that Dr. Marshall's opinion was internally inconsistent] was eminently reasonable." *Stevenson v. Chater*, 105 F.3d 1151, 1155 (7th Cir. 1997) (internal citation omitted). Therefore, Russell's first argument is unsuccessful.

Next, Russell argues that the Court "committed manifest legal error by finding that the ALJ properly discounted the opinion of Dr. Marshall based on the opinion of Dr. Shipley." (Mem. in Supp. 4.) Russell elaborates that "although the ALJ did mention the opinion of Dr. Shipley, he did not state that he discounted the opinion of Dr. Marshall based on Dr. Shipley's opinion" and thus the Court credited impermissible *post hoc* argument. (Mem. in Supp. 4.)

But Russell's argument mischaracterizes the Court's Order. Specifically, the Order

3

states:

> [W]hen considering Dr. Marshall's opinion, the ALJ explained that he discounted it for two reasons, both of which hold up under scrutiny. First, . . . the ALJ found that Dr. Marshall's opinion was internally inconsistent. Second, he noted that Dr. Marshall's opinion of "marked" limitations was not supported by his own treatment notes.

(Order 16-17) (citations omitted). Thus, the Court did *not* state that the ALJ discounted Dr. Marshall's opinion because of Dr. Shipley's opinion.

Rather, the Court referenced Dr. Shipley's opinion in response to Russell's assertion that even a "moderate" limitation in attention and concentration would prevent her from performing full-time competitive work. (Order 17.) The Court pointed out that the ALJ also relied upon the opinion of Dr. Shipley, who stated that despite "moderate" limitations in concentration, persistence, or pace, Russell still retained the concentration necessary to complete tasks, make work-related decisions and work-like procedures, and maintain a schedule. (Order 17 (citing Tr. 21, 593).) This is indeed an accurate statement of the record (*see* Tr. 21-22), and thus, Russell's second argument fares no better than her first.

Finally, Russell argues that the Court committed manifest legal error "by finding that the ALJ properly discounted the opinion of Dr. Marshall based on his treatment notes." (Mem. in Supp. 4.) As explained above, the ALJ discounted Dr. Marshall's opinion of "marked" limitations in social functioning and concentration, persistence, or pace not only because it was internally inconsistent, but also because it was "not supported by treating records." (Tr. 21.)

Russell faults the Court for commenting on Dr. Marshall's documentation in greater detail than the ALJ when analyzing whether the ALJ's statement was supported by the record. In that regard, the Court cited to several of Dr. Marshall's records and observed that his

4

"progress notes typically consisted of only a few lines and included very few objective clinical findings." (Order 18.) Contrary to Russell's assertions, in doing so the Court did not inappropriately "play doctor" by rendering a medical judgment, *see Blakes ex rel. Wolfe v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003); rather, the Court merely illustrated that the ALJ's logic for discounting Dr. Marshall's "marked" restrictions was reasonable in light of the treatment record presented by Dr. Marshall. Therefore, Russell's final argument also does not establish that the Court committed a "manifest error of law." *Cincinnati Life Ins. Co.*, 722 F.3d at 955.

To reiterate, relief under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case . . . ." *Foster*, 545 F.3d at 584. This is not such a case. Because Russell has failed to clearly establish that the Court committed a "manifest error of law or fact," *Cincinnati Life Ins. Co.*, 722 F.3d at 955, her Rule 59(e) motion will be DENIED.

*C. Conclusion*

For the foregoing reasons, Russell's Motion to Alter or Amend Judgment Under Trial Rule 59(e) (Docket # 31) is DENIED.

SO ORDERED.

Enter for this 4th day of December, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge